IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

United States of America,

        Plaintiff,

        vs.                          Case No. 14-10142-01-JTM

Teodoro Erasmo Luna,

        Defendant.

MEMORANDUM AND ORDER

The government charges that defendant Teodoro Erasmo Luna has violated 18 U.S.C. § 1542 and 18 U.S.C. § 911, by applying for a United States passport under a false name, using a false means of identification, and making false representations of citizenship. It further asserts a claim of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1).

This matter is before the court on the defendant Luna's Motion in Limine, which seeks to exclude three types of evidence.

First, Luna seeks to exclude statements by three women (Sandra Ericka Luna, Rogelia Luna Luna, and Lucia Ramirez Soto) to immigration officers to the effect that the

defendant is not David Pena, and that his real name is Teodoro Erasmo Luna. Luna contends that such statements are hearsay.

In its Response, the government agrees the statements are hearsay, and that it will not present such statements in its case in chief. The evidence may be admissible for purposes of impeachment.

Second, the defendant seeks to exclude evidence indicating that there have been as many as sixteen applications for Pena's Social Security card. The defendant argues that such evidence is irrelevant and prejudicial, in the absence of specific evidence as to the identity of the applicants. The government argues that the evidence is probative, because it shows precisely that the name is a popular target for false identification. "That so many have done so," the government argues, "undermines the defendant's claim that he actually *is* David Pena." (Dkt. 24, at 2 (emphasis in original)).

The evidence would therefore tend to corroborate the understanding that Pena is a popular false name, and that the defendant is not Pena. Further, the government states that some of the signatures on the SS-5 forms are very similar to the defendant's writing. The court finds that the evidence is provisionally admissible, subject to a cautionary instruction to be issued by the court at trial.

Finally, the defendant seeks to exclude hearsay statements that the real David Pena is dead. The government agrees that it will not introduce evidence relating to the death of Pena without prior notice to, and approval by, the court.

IT IS ACCORDINGLY ORDERED this 6th day of November, 2014, that the defendant's Motion in Limine (Dkt. 18) is granted in part, and denied in part, as provided herein.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE
